UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x   Index No.
FRED ACLANDER,

                        Plaintiff,        **COMPLAINT**

            -against-

VERITUDE, a DIVISION OF FIDELITY
INVESTMENTS COMPANY AND RYAN
DAVIS,

                        Defendants.
---------------------------------------------------------------x

08 civ. 4796

FRED ACLANDER, by his attorney, Howard L. Sherman, as and for his verified complaint, alleges:

    1. At all times hereinafter mentioned, the plaintiff, FRED ACLANDER, was and is a resident of the State of New York, 48 Edgewood Drive, Harriman, New York 10926.

    2. Upon information and belief, at all times hereinafter mentioned, VERITUDE was and is a Division of Fidelity Investments Company (hereinafter "VERITUDE") with offices located at 155 Seaport Boulevard, Boston, Massachusetts 02210.

    3. Upon information and belief, at all times hereinafter mentioned, the defendant RYAN DAVIS (hereinafter "DAVIS") was and is a resident of the State of Texas, residing at 7911 North Glen Drive, Irving, Texas, 75063.

    4. The complaint alleges an amount in controversy in excess of $~~500.00~~ 500,000.00. Jurisdiction in this matter is based upon diversity of citizenship as set forth in Federal Rules of Civil Procedures 28 U.S.C. § 1441.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST VERITUDE, A DIVISION OF FIDELITY INVESTMENTS COMPANY AND RYAN DAVIS

5. The plaintiff has been employed for many years as a sales manager in the consumer electronics field.

6. In or about March, 2007, the plaintiff was contacted by DAVIS.

7. DAVIS represented that he was an employment recruiter for VERITUDE.

8. Upon information and belief, VERITUDE is engaged in the business of bringing together companies seeking to hire individuals with specialized skills with such individuals that has such skills.

9. At the request of DAVIS, the plaintiff furnished a resume, references, and other materials requested by DAVIS, through emails, faxes and telephone calls.

10. In early May, 2007, DAVIS informed the plaintiff that he was to be hired by LG Electronics, USA ("LG") and that he would be working through an office in the City of Englewood Cliffs, State of New Jersey.

11. The plaintiff was told that his starting date would be June 26, 2007.

12. The plaintiff did not seek any other employment as a result of the representations by DAVIS.

13. DAVIS furnished a letter to the plaintiff constituting a formal contract and job offer from LG indicating that the salary was to be $115,000.00 per year plus bonuses and benefits.

14. Prior to the starting date, DAVIS, informed the plaintiff that the starting date was going to be delayed.

15. The starting date was delayed purportedly by LG through DAVIS beteen 15 and 20 times between June, 2007 and December, 2007.

16. In order to induce the plaintiff to accept the job with LG, despite the delays, and to refrain from looking for other employment, DAVIS represented to the plaintiff that he would receive health care benefits from LG starting August 1, 2007.

17. DAVIS furnished, in writing, Blue Cross numbers to the plaintiff to be used when seeking medical care and further represented that these Blue Cross numbers were assigned to him by LG.

18. On reliance thereof, the plaintiff dropped his own health care coverage.

19. In addition to other health care, the plaintiff is required to use an excess of $1,000.00 per month in prescription drugs.

20. In fact, upon information and belief, the Blue Cross numbers furnished by DAVIS were fabricated by DAVIS and were not assigned by Blue Cross or LG.

21. The plaintiff was without insurance coverage.

22. DAVIS further represented that VERITUDE would pay the plaintiff for 11 weeks of his salary to compensate for the delay.

23. He represented that 5 weeks of this salary plus $650.00, one month premium insurance were being paid be VERITUDE an 6 weeks were being paid by LG.

24. DAVIS sent his own checks to the plaitiff in the sum of $11,962.00 which he represented to be an advance for the monies that he would receive from VERITUDE an LG as a result of the delay in the plaintiff commencing employment.

25. In fact, the checks failed to clear and the plaintiff received no money.

26. DAVIS further represented that an individual named Bob Lineback owned VERITUDE and that he could communicated directly with Bob Lineback.

27. Plaintiff received emails from Bob Lineback indicating that the employment would commence imminently.

28. In fact, Bob Lineback, was not employed by VERITUDE at the time and VERITUDE is a Division of Fidelity Investments Company. It is not owned by Lineback.

29. Through Lineback, DAVIS represented that the monies for the accumulated back pay be paid to the plaintiff would be wired to him.

30. Said monies were not wired.

31. The position that the plaintiff accepted with LG was as Marketing Communications Manager.

32. In fact, upon information and belief, said position never existed or the plaintiff was never hired for said position.

33. Upon information and belief, LG does not know of the plaintiff and the plaintiff was not introduced to LG by DAVIS or VERITUDE.

34. DAVIS was acting within the scope of his employment at the time of his communications with the plaintiff.

35. Upon information and belief, the conduct by DAVIS individually and on behalf of VERITUDE was for the purpose of attempting to earn a commission from LG by keeping the plaintiff available for the position should LG determine to hire an individual through VERITUDE.

36. The conduct by DAVIS was willful and malicious and intended for the purpose of earning a fee for DAVIS and VERITUDE without regard to the plaintiff's rights or financial condition.

37. The conduct constituted a breach of contract by DAVIS.

38. By reason of said breach, the plaintiff requests damages against DAVIS and VERITUDE in the sum of $500,000.00, no part of which has been paid although due and duly demanded.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST VERITUDE, A DIVISION OF FIDELITY INVESTMENTS AND RYAN DAVIS

39. The conduct by DAVIS and VERITUDE constituted fraud and misrepresentation for the purpose of inducing the plaintiff to remain unemployed.

40. The plaintiff relied upon the representations of DAVIS and did not seek employment between May, 2007 and January 1, 2008.

41. As a result of said fraud, the plaintiff has suffered emotional and mental distress, as well as loss of income and loss of medical coverage.

42. By reason thereof, plaintiff requests compensatory damages in the sum of $500,000.00 and punitive damages in the sum of $5,000,000.00, no part of which has been paid although due and duly demanded.

WHEREFORE, the plaintiff requests judgement as follows:

a. On the First Cause of Action against the defendants, VERITUDE and RYAN DAVIS, damages in the sum of $500,000.00;

      b. On the Second Cause of Action against the defendants, VERITUDE and RYAN DAVIS, compensatory damages in the sum of $500,000.00 and punitive damages in the sum of $5,000,000.00;

      c. Plus the reasonable attorney's fees incurred by the plaintiff in defending this action;

      d. Plus such other and further relief as to this Court may seem just and proper.

Dated: Ossining, New York  
       May 20, 2008

Howard L. Sherman  
Attorney at Law  
15 Croton Avenue  
Ossining, New York 10562  
(914) 941-4000