UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
FRED ACLANDER

                                  Plaintiff,

       -against-                                                          ANSWER

VERITUDE, A DIVISION OF FIDELITY INVESTMENTS
COMPANY, and RYAN DAVIS

                                  Defendants.              Civil Action No.:
------------------------------------------------------------------------------x        08-civ-4796

       Defendant VERITUDE, by and through its attorneys, THE LAW OFFICES OF VINCENT E. BAUER, responds to the complaint filed in this action as follows:

1. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1.

2. Denies the allegations contained in paragraph 2, except admits that Veritude has offices at 155 Seaport Boulevard, Boston, MA.

3. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 3.

4. Denies that this court has diversity jurisdiction over Plaintiff's claims, and further states that paragraph 4 contains legal conclusions to which no response is required.

5. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5.

6. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 7.

8. Admit the allegations contained in paragraph 8.

9. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 9.

10. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 10.

11. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11.

12. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 12.

13. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 13.

14. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 14.

15. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 15.

16. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 16.

17. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 17.

18. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 18.

19. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 19.

20. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 23.

24. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 24.

25. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 25.

26. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 26.

27. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28, except admits that Bob Lineback was neither an employee or an owner of Veritude in 2007.

29. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 29.

30. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 30.

31. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 31.

32. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 32.

33. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35, except denies knowledge or information sufficient to admit or deny the allegations therein concerning Davis' conduct and purpose.

36. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 36.

37. States that paragraph 37 contains legal conclusions to which no response is required.

38. States that paragraph 38 contains a demand for relief to which no response is required.

39. Denies the allegations contained in paragraph 39, except denies knowledge or information sufficient to admit or deny the allegations concerning Davis' conduct and purpose.

40. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 40.

41. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 41.

42. States that paragraph 42 contains a demand for relief to which no response is required.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a cause of action upon which relief may be granted.

2. Any reliance upon any representation by Davis was not reasonable.

3. Plaintiff has failed to mitigate his damages, if any.

4. Plaintiff did not have any contract with Veritude.

5. Veritude is not liable for the conduct of Davis under any theory.

WHEREFORE, Veritude demands judgment dismissing the complaint filed in this action, together with costs and disbursements.

DATED: New York, New York
August 6, 2008

                            LAW OFFICES OF VINCENT E. BAUER

                            BY: ____s/_____
                            VINCENT E. BAUER
                            Attorneys for Defendant Veritude
                            475 Park Avenue South, 25th Floor
                            New York, New York 10016
                            (212) 575-1517